HOOVER GRAIN COMPANY, a Corporation, Appellant, v. T. H. THORESEN, as Tax Commissioner of the State of North Dakota, a Public Corporation, Respondent.

(226 N. W. 521.)

Opinion filed July 26, 1929.

*Buck & Buck* and *H. D. Irwin,* for appellant.

*T. H. Thoresen* and *C. J. Lynch,* for respondent.

BIRDZELL, J. On July 31, 1925, the Hoover Grain Company, a domestic corporation, filed with the tax commissioner a corporation income tax return for its fiscal year ending May 31, 1925, showing gross commissions earned of $203,170.58 and receipts from other sources of $68,471.99, from which it subtracted for operating expenses of various kinds $118,473.11, returning a net business income, subject to apportionment, of $153,169.46. Of this amount it apportioned .3265, or $46,912.54, to North Dakota for taxation. The tax was computed on this amount and $1,407.38 was paid. In the latter part of October, 1925, an attorney for or representative of the Hoover Grain Company arranged for a conference with the state tax commissioner, called at the office pursuant to the arrangement and complained of the tax assessed, giving reasons why it was claimed the corporation was not subject to any tax notwithstanding its return and asking that the amount paid be refunded. The complaint was heard by the deputy tax commissioner who then advised the representative of the company to file an affidavit or affidavits showing the manner in which the business of the company was conducted; that the deputy commissioner would report his findings to the tax commissioner, who in turn would advise the claimant as to his decision. The company

had previously been advised that it should submit proof in support of its claim and an affidavit was filed with the commissioner. By letter dated November 10, 1926, the tax commissioner, through his income tax deputy, notified the company the final decision was that a proposition previously submitted (October 9th) to the company must be accepted or a suit would have to be brought for recovery of the alleged over-payment; that the tax commissioner had considered the offer made by the representative of the company and decided he was without power to compromise the tax. On February 5, 1927, a written application for a refund was made upon the grounds set forth in an affidavit made on behalf of the corporation, which had been filed with the tax commissioner at the time of the previous hearing. This application contained a formal request to fix a date for hearing in accordance with the provisions of § 2346a37 of the 1925 Supplement to the Compiled Laws of 1913. This request was denied and within thirty days thereafter the complaint in the instant proceeding was served upon the tax commissioner.

The complaint alleges that the tax above referred to was wrongfully and illegally assessed and collected in that the plaintiff derived no income for the year 1924 from sources within the state of North Dakota; that the business of the plaintiff is that of conducting a grain brokerage business for which it has offices located in the state of Minnesota; that its business consisted wholly of buying and selling grain on the open market upon a commission basis acting merely as the agent of its clients in such transactions; that no purchases, sales or other services were rendered for its clients within the state of North Dakota; that the payment was made by the plaintiff, through mistake or error, upon express direction of the defendant and under the force and compulsion of penalties to be added.

The answer alleges the hearing above referred to and the decision on November 10, 1926, and states that thirty days elapsed thereafter before the commencement of this action. It shows reliance and dependence upon the thirty-day limitation stated in § 2346a38 of the 1925 Supplement to the Compiled Laws of 1913 for prosecuting appeals from such decisions. The answer also alleges reliance by the commissioner in assessing the tax upon the report voluntarily sub-

mitted on behalf of the plaintiff corporation and the correct computation of the tax upon the basis of such report. After a hearing in the district court of Burleigh county judgment was entered dismissing the proceeding. The plaintiff appeals.

We are of the opinion that on this record this court cannot with propriety pass upon the merits of the complaint. Under the statute (§ 2346a37 of the 1925 Supplement to the Compiled Laws of 1913) "A taxpayer may apply to the tax commissioner for revision of the tax assessed against him at any time within two years from the time of the filing of the return or from the date of the notice of the assessment of any additional tax," and the tax commissioner is required to grant a hearing and to resettle the same according to the law and the facts, to adjust the computation of the tax accordingly, and to notify the taxpayer of his determination. No particular formality is prescribed for the application, but the duties of the tax commissioner are mandatory. On this record it clearly appears that the power of the tax commissioner, as expressed in this statute, was invoked by the plaintiff and that it was regularly exercised according to the statute —whether to a right conclusion we do not decide.

The next section gives to the aggrieved taxpayer an additional remedy. It says "The determination of the tax commissioner upon any application made by a taxpayer for revision of any tax, may be reviewed in any court of competent jurisdiction by a complaint filed by the taxpayer against the tax commissioner in the county in which the taxpayer resides or has his principal place of business, within thirty days after notice by the tax commissioner of his determination. . . . Thereupon appropriate proceedings shall be had and the relief, if any, to which the taxpayer may be found entitled may be granted, and any taxes, interest or penalties paid, found by the court to be in excess of those legally assessed, shall be ordered refunded to the taxpayer with interest from time of payment." This is a statutory remedy and it is elementary that where a statutory remedy is sought the one seeking to avail himself of it must bring himself within the terms of the statute. On this subject a well known authority (2 Cooley, Taxn. 3d ed. pp. 1379–1381) says: "Whatever may be the relief sought, the party applying for it must comply strictly with the provisions of

the statute which confers the right. But the authority to review is more likely to be conferred upon some court or other appellate tribunal, which will either sit for the purpose of hearing complaints generally, or which will be empowered to hear such appeals as are brought to it in some mode which the statute prescribes. And here, also, it is necessary that the rule of strict conformity to statutory provisions be observed." Again, "In some states an appeal is given from the assessors, or from assessing boards, to some specified courts, to which are given limited powers of review. But the right to such an appeal is purely statutory; unless the constitution so prescribes an act is not invalid because not providing for appeal; and the appeal must be taken within the time fixed by the statute. The court, whatever its grade, is, for such a purpose, of limited jurisdiction, and must keep within it." 2 Cooley, pp. 1393, 1394. The thirty-day limitation is clearly mandatory and the failure to bring the proceeding within the prescribed time is fatal. Cooley, pp. 1393, 1394, supra.

It is true that the complaint in the instant proceeding was not filed in the county in which the taxpayer resided or had its principal place of business, for it appears that the taxpayer is a corporation with its principal place of business in North Dakota in Grand Forks; but, nevertheless, construing the instant proceeding in its most favorable aspect from the standpoint of the plaintiff's cause, it must be held to be one under this statute, as the complaint clearly fails to state a cause of action for the recovery of money or taxes paid under mistake of fact, such as would furnish a basis for a quasi contractual remedy at common law. Furthermore, no proof was offered at the hearing which would warrant any relief to the plaintiff upon this score. It should be so obvious as to require no citation of authority that where action has been taken upon an application of a taxpayer that results in the denial of his complaint and the statutory time for review is permitted to elapse so that the adjudication of the tax becomes final, the final character of the determination is not obviated by a second application, particularly where the second application seeks relief upon the same grounds as the first. The statute does not contemplate successive applications and hearings. The commissioner properly denied a hearing upon the second application.

Hence, it follows that the plaintiff has not brought itself within the statute, and the judgment appealed from must be affirmed. It is so ordered.

BURKE, Ch. J., and NUESSLE, BURR, and CHRISTIANSON, JJ., concur.