Fay HEASLEY, Plaintiff and Respondent,

v.

J. Arthur ENGEN, as State Tax Commissioner in and for the State of North Dakota, Defendant and Appellant.

No. 8073.

Supreme Court of North Dakota.

Oct. 29, 1963.

Rehearing Denied Nov. 19, 1963.

The plaintiff, a resident taxpayer of the State of North Dakota, filed his State income tax returns for the years 1946, 1947, 1948, and 1949. On March 4, 1954, the Tax Commissioner notified the plaintiff that, under authority given to him by Section 57-3838 of the North Dakota Revised Code of 1943, as amended by Chapter 307 of the Session Laws of 1945, he had assessed additional income tax against the taxpayer for the above-mentioned years.

Thereafter, on March 26, 1954, the taxpayer filed his written objections to such additional assessments and demanded a hearing thereon. The hearing was held on April 21, 1954, in the office of the Tax Commissioner in the State Capitol. At such hearing, the plaintiff objected, in writing, to the authority of the Tax Commissioner to levy additional taxes on the returns in question, contending that any additional assessments had been barred by the three-year statute of limitations. Evidence produced at such hearing was limited largely to the testimony of the taxpayer, who testified that, in the preparation of the returns in question, he had fairly submitted all of the necessary information to an accountant who thereupon had prepared the returns which later were signed and filed with the Tax Commissioner.

Nothing further was heard by the taxpayer from the Tax Commissioner until May 23, 1961, more than seven years after the evidence had been taken at such hearing. On that date, the Commissioner made his decision assessing $13,764.63 as additional taxes for the years in question, plus penalties and interest.

In making such assessment for additional taxes claimed to be due, the Tax Commissioner made no finding that the returns in question were based on false or fraudulent information given by the taxpayer. He merely stated that such additional taxes were assessed on the "taxpayer's failure to report his entire income as provided by law, for the years in question."

Wheeler, Daner & Glaser and Francis Breidenbach, Bismarck, for plaintiff and respondent.

Helgi Johanneson, Atty. Gen., and Kenneth M. Jakes and Joseph Maichel, Sp. Asst. Attys. Gen., Bismarck, for defendant and appellant.

STRUTZ, Judge.

This is an appeal from a judgment of the district court of Burleigh County holding void certain purported assessments of additional income tax made by the State Tax Commissioner. The facts, briefly stated, are as follows:

The plaintiff contends that, since the only competent evidence submitted at the hearing was that of the taxpayer, the Tax Commissioner obviously based his decision on records, files, or information which were not presented at the hearing and which were not made a part of the record; that there is no evidence in the record to support his statement that the taxpayer failed to report his entire income as provided by law for the years in question.

■ The Tax Commissioner is an administrative agency, and an appeal from his decision was available to the taxpayer. Langer v. Gray, 73 N.D. 437, 15 N.W.2d 732.

■ The taxpayer, however, failed to avail himself of this right to appeal. Where a statutory remedy, by appeal, is available to the taxpayer, the decision of the Commissioner becomes final upon failure of the taxpayer to take such appeal within the period provided therefor. Hoover Grain Co. v. Thoresen, 58 N.D. 359, 226 N.W. 521. In the Hoover Grain case, this court held that, where an aggrieved taxpayer is given a statutory remedy to obtain a judicial review of any action taken by the State Tax Commissioner, he must bring himself within the provisions of the statute in order to have such action reviewed. Therefore, the taxpayer having been given a statutory remedy to obtain a judicial review of the decision of the Tax Commissioner in this case, his failure to take an appeal within thirty days made the decision of the Commissioner final.

Since the decision of the Tax Commissioner, regardless of how defective or erroneous it may have been, became final on the failure of the taxpayer to appeal within the statutory period provided for taking appeal, the assessment of additional taxes and statutory interest cannot be attacked in this case.

■ In this proceeding, however, the taxpayer prays for judgment declaring his rights under the decision of the Tax Commissioner. Is he entitled to have his rights and obligations determined in this action, including liability for penalty and interest, or is the decision of the Tax Commissioner final because of taxpayer's failure to appeal?

Section 32–23–01 of the North Dakota Century Code provides that courts of record shall have power to declare rights, status, and other legal relations. This court has held that declaratory-judgment actions are available to determine the validity and priority of mortgage and tax liens. State v. Divide County, 68 N.D. 708, 283 N.W. 184.

The New York Court of Appeals, in an action involving the collection of gas taxes, said that, where the interests of the public are involved,

" * * * we consider that a declaratory judgment is the appropriate remedy to settle these controversies * *." Socony-Vacuum Oil Co. v. City of New York, 247 App.Div. 163, 287 N.Y.S. 288, and affirmed without opinion in 272 N.Y. 668, 5 N.E.2d 385.

Borchard on "Declaratory Judgments," second edition, at page 826 and following, points out that government officials, challenged by declaratory action to correct erroneous construction of a tax statute, frequently attempt to escape an adjudication by asserting the impropriety of judicial recourse by declaration, but that, even in States which decline to enjoin the collection of taxes, the courts nevertheless have granted declaratory remedies to correct errors. Again, at page 849, Borchard points out that problems of various kinds have arisen in connection with the collection and the enforcement of taxes, to the prompt solution of which the declaratory procedure has proved adaptable. He states:

"Thus, both government and taxpayer have had occasion to question the legality and regularity of the proceedings connected with the assessment, collection and enforcement of taxes, * *"

Therefore, although the taxpayer has lost his right to appeal from the decision of the Tax Commissioner making additional assessments of taxes, he nevertheless is entitled to have his rights under the Tax Commissioner's decision determined and declared. Section 57–38–39 of the North Dakota Century Code provides that if, on audit, the Commissioner finds addititional taxes due, the taxpayer shall be given thirty days from the date of the notice of such additional tax to file objections. This was precisely what was done by the taxpayer in 1954 when the Tax Commissioner made assessment of additional taxes for the years in question. This section then goes on to provide that, after consideration of objections of the taxpayer, the Tax Commissioner shall make a redetermination of the disputed tax and shall notify the taxpayer of his decision and the amount of the tax as redetermined "shall become delinquent fifteen days after notice."

Thus this tax, as redetermined by the Tax Commissioner, became delinquent fifteen days after the giving of notice of the decision of May 23, 1961.

Section 57–38–43 of the North Dakota Century Code provides for interest on delinquent taxes. That section reads:

"Interest at the rate of one per cent a month shall be computed upon all delinquent income tax payments, with an additional penalty of five per cent at the time such tax becomes delinquent."

Thus interest on such delinquent taxes did not or could not be assessed for the more than seven years during which the Tax Commissioner failed to act in this case. Such interest commenced when such assessment for additional taxes became delinquent fifteen days after the giving of notice of the Tax Commissioner's decision of May 23, 1961. The five per cent penalty also became due when such tax became delinquent.

For all of the reasons stated herein, the plaintiff is entitled to judgment declaring the tax liability of the taxpayer, for which lien has attached on assets held in Federal court, in the sum of $13,764.63, plus interest from fifteen days after the giving of notice of the decision of the Tax Commissioner of May 23, 1961, plus the penalty of five per cent provided in Section 57–38–43.

The case is hereby remanded to the district court for entry of judgment in accordance with this opinion. No costs shall be awarded to either party on appeal.

MORRIS, C. J., and ERICKSTAD, BURKE and TEIGEN, JJ., concur.