1997 ND 18

Carol Ann BIES, f/k/a Carol Ann Obregon, Plaintiff,

State of North Dakota, through the Regional Child Support Enforcement Unit, Appellant,

v.

Raymond Peter OBREGON, Defendant and Appellee.

Civil No. 950341.

Supreme Court of North Dakota.

Feb. 12, 1997.

Sonja Clapp (argued), Assistant State's Attorney, Grand Forks, for appellant.

Steven Balaban (argued), Bismarck, for defendant and appellee. Appearance by appellee Raymond Obregon.

MARING, Justice.

[¶ 1] The State appeals from judgments[1] holding that Raymond Obregon's child support obligation expired at the end of October 1983 and that his obligation to pay Carol Ann Bies spousal support expired upon her remarriage in June 1990, but that he is still liable for accrued spousal support arrearages totaling $21,784. The trial court also stated that, because an obligation to pay child support was no longer combined with an obligation to pay spousal support, the State's "authority" to assist the district court in recovering the spousal support alone "ceased" when Obregon satisfied his child support arrearages in 1984. Because the State seeks an advisory opinion on a question which is not ripe for review and for which no meaningful relief can be granted, we dismiss the appeal.

[¶ 2] After a 22–year marriage, Bies and Obregon were divorced in 1982 in Grand Forks County. Bies was granted custody of the couple's only remaining minor child and Obregon was ordered to pay $150 per month for child support and $350 per month for "alimony." Not long afterwards, the court ordered Obregon to make the alimony payments to the clerk of district court and he fell into arrears on them. Later, he also fell into arrears on the child support payments. The parties' minor child turned 18 in October 1983, and Obregon's child support obligation terminated under the terms of the divorce decree. However, in addition to an arrearage on alimony payments, there was an arrearage on Obregon's child support payments at the time that obligation terminated.

[¶ 3] During the ensuing years, the State assisted the clerk of district court and Bies in several court proceedings in North Dakota and Minnesota to enforce Obregon's child support and alimony obligations. This latest attempt began with a 1994 order to show cause why Obregon should not be held in contempt for failure to make child support or

1. We treat the State's appeal from memorandum decisions as an appeal from the subsequently entered consistent judgments. *See Zueger v. Carlson*, 542 N.W.2d 92, 94 n. 2 (N.D.1996).

spousal support payments. Bies, through private counsel, claimed Obregon was $39,-822.42 in arrearages for child support and alimony payments as of April 1995. The State assisted the district court on behalf of Bies in collecting the child and spousal support arrearages under the authority of N.D.C.C. § 11–16–01(15).

[¶ 4] On August 14, 1995, following a hearing on the order to show cause during which the State appeared and private counsel represented Bies, the trial court issued its decision. The court found the $350 per month "alimony" payments directed by the divorce decree constituted spousal support rather than periodic payments on a division of marital property. Because the clerk of court's records on the collection and disbursement of child support and spousal support did not show separate accounting of accruals of child support and alimony, the court found it necessary to determine when Obregon made the final full payment of accrued child support. The court found that payment was made in February 1984, thus relieving Obregon of his child support obligation.

[¶ 5] The trial court also ruled Obregon's spousal support terminated when Bies remarried in June 1990, when the unpaid spousal support arrearages stood at $21,784.

[¶ 6] In its decision, the trial court also noted:

"[T]he state's attorney is not obliged to 'assist the district court' in cases for recovery of spousal support where an obligation to pay child support never has existed, or no longer exists. Since the state's attorney's assistance is not available under § 11–16–01(15) N.D.C.C. to the obligee of spousal support that had never been combined with child support, it reasonably follows that once all child support has been paid in a case where child support had been combined with an obligation to pay spousal support, the state's attorney's [authority] to assist the obligee of such spousal support [ceased. Sec. 11–16–01(15), N.D.C.C.]."

[¶ 7] The State moved for reconsideration of the trial court's decision and requested it "reconsider the role and duty of the Office of State's Attorney in this matter and allow said office to continue to assist the Clerk of Court in the collection of the spousal support." Except for minor amendments to its first decision, the trial court denied the motion. The trial court explained its earlier decision

"was not a criticism of the state's representation of Mrs. Bies through this hearing. Because, until the issuance of the subject memorandum decision, it had never been determined that there no longer was any child support remaining unpaid. With that determination having been made in this case it follows that the state's attorney's disqualification should be prospective, even though we now know that all child support payments were completed with the *February 1984 payment of $400.* ... The state has not disputed the accuracy or correctness of the Court analysis of payments or how they should be applied in combined child support and spousal support cases. So the Court concludes that they agree with the method used by the Court in this case.

\* \* \* \* \* \*

"The Court did not anticipate that the state's attorney would seek to involve the state in the costly pursuit of purely spousal support for private litigants. Once all child support obligations have been shown to have been discharged, it was expected that the state's attorney would have welcomed the opportunity to be relieved [of] its obligations in this case. However, the state appears not only to desire to continue their representation of Mrs. Bies long after all child support has been paid, but inferentially under its interpretation of § 14–06–03.2 (or § 14–05–25.2, N.D.C.C.), to have this case stand as a precedent to have the state's attorney take on the responsibility to represent the obligee of *every spousal support case in Grand Forks County.* Such result cannot be allowed in contravention of the limited authority of the state's attorney specifically granted to it only in cases where child support is combined with spousal support."

(Emphasis in original).

[¶ 8] The State appeals, claiming the trial court erred in ruling state's attorneys need not assist the clerk of district court in collecting spousal support payments when that obli-

gation is not combined with a child support obligation. Neither Bies nor Obregon has appealed.

[¶ 9] This court has long held it cannot render advisory opinions. *See, e.g., Ashley Education Association v. Ashley Public School District,* 556 N.W.2d 666, 668 (N.D.1996); *Braaten v. Deere & Co.,* 547 N.W.2d 751, 752 (N.D.1996); *Bjornson v. Guaranty National Ins. Co.,* 510 N.W.2d 622, 624 (N.D.1994); *In re Novak's Estate,* 73 N.D. 41, 11 N.W.2d 64, 72 (1943). The premise behind the prohibition of advisory opinions is there must be an "actual controversy to be determined" before a court can properly adjudicate. *State ex rel. Sprynczynatyk v. Mills,* 523 N.W.2d 537, 544 (N.D.1994). An "actual controversy" does not exist when an issue has been mooted by a lapse of time, or the occurrence of related events which make it impossible for a court to render effective relief. *See, e.g., State v. Dalman,* 520 N.W.2d 860, 862 (N.D.1994); *Gosbee v. Bendish,* 512 N.W.2d 450, 453 (N.D.1994). At the other end of the spectrum, an "actual controversy" requires an issue that is "ripe for review." *Botner v. Botner,* 545 N.W.2d 188, 191 (N.D.1996). An issue is not ripe for review if it depends on future contingencies which, although they might occur, necessarily may not, thus making addressing the question premature. *See, e.g., Botner; Sullivan v. Quist,* 506 N.W.2d 394, 399 n. 2 (N.D. 1993); *Municipal Services Corp. v. Kusler,* 490 N.W.2d 700, 706 (N.D.1992).

[¶ 10] In cases involving mootness or a lack of ripeness, addressing the issue would be tantamount to rendering advice on a purely academic or abstract question. *See Mills; Continental Cas. Co. v. Kinsey,* 513 N.W.2d 66, 70 (N.D.1994). While an issue technically moot will not be considered moot if it is capable of repetition yet evading review, *e.g., State v. Liberty Nat'l Bank and Trust Co.,* 427 N.W.2d 307, 309 (N.D.), *cert. denied,* 488 U.S. 956, 109 S.Ct. 393, 102 L.Ed.2d 382 (1988), or if the controversy is one of great public interest and involves the power and authority of public officials, *e.g., Medical Arts Clinic v. Franciscan Initiatives,* 531 N.W.2d 289, 294 (N.D.1995), we have not applied those exceptions to issues not yet ripe for review. Indeed, this court has said the fact that the issue may arise in the future "does not empower us to render a purely advisory opinion." *Gosbee,* 512 N.W.2d at 454.

[¶ 11] The issue raised by the State on appeal is not ripe for review. The State was not precluded in any manner from fully participating in this case through entry of final judgment. We do not know whether a judgment against Obregon on the spousal support arrearages will require judicial enforcement. If this speculative event occurs, and the State seeks and is prevented by the court from participating in the proceedings, an actual controversy would be ripe for adjudication. Under the appealed judgments, however, we are unable to provide any meaningful relief by answering the issue presented by the State.

[¶ 12] Merely because the trial court rendered an advisory opinion on the issue does not require us to do the same. *See Gosbee,* 512 N.W.2d at 453. We do note, however, that the Attorney General issued a letter opinion to the Ward County State's Attorney on August 11, 1994, comporting with the trial court's dicta in this case. In response to the question whether the requirement in N.D.C.C. § 14–05–25.2 of treating and enforcing spousal support orders in the same manner as child support orders under N.D.C.C. Chapter 14–09 also requires state's attorneys to assist the district court on behalf of spousal support recipients, the Attorney General opined:

> "N.D.C.C. § 14–05–25.2 was enacted to permit spousal support orders to be enforced by the same means that child support orders are enforced under N.D.C.C. ch. 14–09. This legislation did not create any duty upon a state's attorney to assist the district court in enforcing such an order under N.D.C.C. § 11–16–01(15)."

The Attorney General, not the Supreme Court, is the proper legal advisor for state's attorneys in matters relating to the duties of their office. N.D.C.C. § 54–12–01(4). *See also Giese v. Engelhardt,* 175 N.W.2d 578, 585 (N.D.1970); *State v. Baker,* 74 N.D. 244, 21 N.W.2d 355, 372 (1945).

[¶ 13] The appeal is dismissed.

[¶ 14] VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.

