Filed 2/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 54

Marlon Leon Comes, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20170346

Appeal from the District Court of Ramsey County, Northeast Judicial District, the Honorable Donovan J. Foughty, Judge.

DISMISSED.

Opinion of the Court by McEvers, Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Kari M. Agotness, State’s Attorney, Devils Lake, ND, for respondent and appellee.

Comes v. State

No. 20170346

McEvers, Justice.

[¶1] Marlon Comes appeals from a district court order summarily dismissing his post-conviction relief petition and a court order denying his motion for a new trial. We conclude Comes’ appeal from the order summarily dismissing his post-conviction relief petition bears arguments which are not ripe for review.  Therefore, we dismiss Comes’ appeal.

I

[¶2] In 1995, the State charged Comes with murder, a class AA felony and robbery, a class A felony.  Comes received court-appointed counsel.  In 1996, Comes pled guilty to both crimes.  The district court sentenced Comes to life imprisonment at the North Dakota Department of Corrections with the possibility of parole, and a concurrent 10 years for robbery, with 307 days credit for time served.

[¶3] In 1999, Comes filed his first post-conviction relief petition claiming ineffective assistance of counsel, involuntarily entering a plea of guilty, and a denial of his right to a fair trial.  The district court denied the petition, and Comes appealed. This Court summarily affirmed.  
See Comes v. State
, 2000 ND 142, 618 N.W.2d 724. Comes filed a second petition for post-conviction relief in 2011.  Comes claimed ineffective assistance of counsel and prosecutorial misconduct.  The court denied the petition in 2013.  Comes filed a third petition for post-conviction relief in 2013, claiming ineffective assistance of counsel, prosecutorial misconduct, misconduct by the state crime laboratory, and judicial error.  The court summarily dismissed the petition in 2014.  Comes filed a fourth petition for post-conviction relief in 2015.  The court dismissed his petition.  Comes appealed, arguing the letter from the parole board was newly discovered evidence.  This Court summarily affirmed.  
See Comes v. State
, 2016 ND 118, 881 N.W.2d 256.

[¶4] On June 12, 2017, Comes filed a pro se application for post-conviction relief. The application claims Comes will be subjected to an ex post facto punishment in violation of the U.S. Const. art. I, § 10.  Comes alleges his original sentence was life with the possibility of parole after 85 percent of 30 years had been served.  Using that calculation, Comes argues he would be eligible for a parole hearing in June 2021, if no good time was given to him prior to that date.  Comes believes he will not receive a parole hearing until August 2041, which he argues violates his constitutional rights.

[¶5] In July 2017, the district court summarily dismissed Comes’ petition.  In August 2017, Comes’ court-appointed attorney filed a motion for a new trial and reconsideration of the July 2017 order summarily dismissing Comes’ post-conviction relief petition, along with a supporting letter. The State responded to the motion, arguing Comes’ application was not timely and that the application of the mortality table found in N.D. Sup. Ct. Admin. R. 51 does not violate the ex post facto clause of the United States Constitution.  On September 6, 2017, the court denied Comes’ motion for a new trial and reconsideration.

II

[¶6] Comes argues the district court erred by denying his application for post-

conviction relief.  This Court has held “the purpose of the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1, is to furnish a method to develop a complete record to challenge a criminal conviction.”  
Chisholm v. State
, 2014 ND 125, ¶ 15, 848 N.W.2d 703
 
(internal quotation omitted).  Summary disposition in a post-

conviction relief proceeding is akin to summary judgment under N.D.R.Civ.P. 56. 
State v. Bender
, 1998 ND 72, ¶ 18, 576 N.W.2d 210.  “An applicant has the burden of establishing grounds for post-conviction relief.”  
Chisholm
, at ¶ 8.  “The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.” 
Owens v. State
, 1998 ND 106, ¶ 13, 578 N.W.2d 542 (citation omitted).

[¶7] Section 29-32.1-09, N.D.C.C., governs summary disposition in post-

conviction relief proceedings.

The court, on its own motion, may enter a judgment denying a meritless application on any and all issues raised in the application before any response by the state.  The court also may summarily deny a second or successive application for similar relief on behalf of the same applicant and may summarily deny any application when the issues raised in the application have previously been decided by the appellate court in the same case.

N.D.C.C. § 29-32.1-09(1).

[¶8] In 2013, North Dakota law was amended to provide a two-year statute of limitations for post-conviction relief actions.  N.D.C.C. § 29-32.1-01(2).  There are three exceptions to the statute of limitations: (1) newly discovered evidence, (2) the petitioner establishes that the petitioner suffered from a physical disability or mental disease that precluded timely assertion of the application for relief, or (3) the petitioner asserts a new interpretation of federal or state constitutional or statutory law by either the United States Supreme Court or a North Dakota appellate court and the petitioner establishes the interpretation is retroactively applicable to the petitioner’s case.  
See 
N.D.C.C. § 29-32.1-01(3)(a).

[¶9] From the face of the record, Comes did not file his post-conviction relief within the two-year time limit established by N.D.C.C. § 29-32.1-09(1).  Therefore, his post-conviction relief application is beyond the statute of limitations, unless one of the exceptions applies.  However, the State did not raise the statute of limitations as a defense prior to the district court dismissing the petition.  “A statute of limitations defense in a civil proceeding is an affirmative defense.”  
Lehman v. State
, 2014 ND 103, ¶ 8, 847 N.W.2d 119 (citing to N.D.R.Civ.P. 8(c)(1)).  “Affirmative defenses, including statutes of limitations, are waived if not pleaded.”  
Id.
  Here, the State did not raise the two-year statute of limitations under N.D.C.C. § 29-32.1-09(1). Consequently, the defense was waived, and we will address the merits of Comes’ post-conviction relief application.  
See id.

[¶10] Comes argues the application of the 2005 mortality table in N.D. Sup. Ct. Admin. R. 51 in response to a 1997 statutory change to N.D.C.C. § 12.1-32-09.1, would violate the ex post facto clause of the U.S. Const. art. I, § 10 by increasing his sentence after the fact.

[¶11] Whether a statute is unconstitutional is a question of law and is fully reviewable on appeal.  
See State v. Burr
, 1999 ND 143, ¶ 9, 598 N.W.2d 147.

This Court has defined an ex post facto law:

1. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2. Every law that aggravates a crime, or makes it greater than it was, when committed.  3. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.  4. Every law that alters the legal rules of evidence and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.

No statute can be an ex post facto law prohibited by the United States Constitution unless it makes previously legal conduct criminal or 
increases
 the punishment for an existing crime.

Id. 
at ¶ 10 (emphasis added) (citations omitted). 

[¶12] The act of class AA felony murder committed by Comes took place on December 14, 1995.  Comes pled guilty on July 22, 1996 and was sentenced on October 18, 1996.  Comes was sentenced to life with the possibility of parole.  His parole was subject to two qualifying statutory conditions.  Under N.D.C.C. § 12.1-

32-01(1), “a person found guilty of a class AA felony and who receives a sentence of life imprisonment with parole, shall not be eligible to have that person’s sentence considered by the parole board for thirty years, less sentence reduction earned for good conduct, after that person’s admission to the penitentiary.”  1995 N.D. Sess. Laws ch. 134, § 1.  Based on Comes’ conviction of AA felony murder under N.D.C.C. § 12.1-16-01, he was “not eligible for release from confinement on any basis until eighty-five percent of the sentence imposed by the court has been served or the sentence is commuted.”  N.D.C.C. § 12.1-32-09.1; 1995 N.D. Sess. Laws ch. 136, § 5.  After Comes was sentenced, N.D.C.C. § 12.1-32-09.1 was amended, stating:

In the case of an offender who is sentenced to a term of life imprisonment with opportunity for parole under subsection 1 of section 12.1-32-01, the term “sentenced imposed” means the remaining life expectancy of the offender on the date of sentencing.  The remaining life expectancy of the offender must be calculated on the date of sentencing, computed by reference to a recognized mortality table as established by rule by the supreme court.  Notwithstanding this section, an offender sentenced under subsection 1 of section 12.1-32-01 may not be eligible for parole until the requirements of that subsection have been met.

1997 N.D. Sess. Laws ch. 135, § 1.  In accordance with N.D.C.C. § 12.1-32-09.1 as amended in 1995, this Court in 2005 promulgated N.D. Sup. Ct. Admin. R. 51, § 2, which states:

In determining the sentence imposed upon a violent offender in accordance with N.D.C.C. Section 12.1-32-09.1, the trial court shall compute the remaining life expectancy of the offender by reference to 
Table A
 (Expectation of life by age, race, and sex) of the 
United States Life Tables
,
 2002
, included in the 
National Vital Statistics Reports 
prepared by the National Center for Health Statistics (Center for Disease Control and Prevention) www.cdc.gov/nchs/products/pubs/pubd/lftbls/life/1966.htm.

[¶13] Comes argues his claim for post-conviction relief was not time barred because the retroactive application of N.D. Sup. Ct. Admin. R. 51 will not occur until June of 2021.  We agree that Comes’ application was not time barred, but neither was it ripe for review.  Section 29-32.1-01(3)(b), N.D.C.C., provides “[a]n application under this subsection must be filed within two years . . . or the effective date of the retroactive application of law.” As correctly pointed out by the district court, all the case law argued below by Comes was more than two years old, so it does not meet the requirement under N.D.C.C. § 29-32.1-01(3)(b).  However, at some point in the future, when Comes can show he is being unlawfully restrained based on the sentence imposed, he will have the right to file for post-conviction relief under N.D.C.C. § 29-

32.1-01(g), which provides “[t]he sentence has expired, probation or parole or conditional release was unlawfully revoked, or the applicant is otherwise unlawfully in custody or retrained.”

[¶14] This Court has long held it cannot render advisory opinions.  
Bies v. Obregon
, 1997 ND 18, ¶ 9, 558 N.W.2d 855.  There must be an “actual controversy to be determined” before a court can properly adjudicate.  
Id.
  “An issue is not ripe for review if it depends on future contingencies which, although they might occur, necessarily may not, thus making addressing the question premature.”  
Id.
 (citations omitted).  By his own admission, this issue is not ripe, there is no actual controversy until Comes is denied a parole hearing after he shows he is eligible under his original sentencing terms. Until then, this Court cannot properly entertain whether Comes is entitled to meaningful relief. Therefore, this Court dismisses this issue on appeal.

III

[¶15] We have considered the remaining issues and arguments raised by Comes and find them to be unnecessary to our decision.  We dismiss Comes’ appeal, concluding the issue Comes presents regarding the North Dakota Department of Corrections’ retroactive application of N.D. Sup. Ct. Admin. R. 51 to his sentence is not ripe for review.  This opinion does not preclude Comes from requesting appropriate relief in the future.

[¶16] Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Jon J. Jensen

Gerald W. VandeWalle, C.J.