# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 98

James P. Sabo and Fun-Co., Inc.,
a North Dakota Corporation,                                    Petitioners and Appellants

v.

Job Service North Dakota,                                      Respondent and Appellee

No. 20180354

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Frank L. Racek, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

David A. Garaas, Fargo, ND, for petitioners and appellants.

Michael T. Pitcher, Assistant Attorney General, Bismarck, ND, for respondent and appellee.

**McEvers, Justice.**

[¶1]    James Sabo and Fun-Co., Inc., appeal from a judgment affirming a decision of Job Service North Dakota determining Sabo was overpaid unemployment benefits in the amount of $14,638 and requiring him to refund those previously paid benefits. Because Job Service's decision is in accordance with the law and is supported by a preponderance of the evidence, we affirm the judgment.

I

[¶2]    Sabo is an officer, employee, and owner of all shares of stock in Fun-Co., Inc., which operates a bar and restaurant in Fargo.  After a fire damaged the building which housed the bar and restaurant, Sabo filed a claim for unemployment benefits.  In February 2017, Job Service awarded Sabo unemployment benefits in the amount of $630 per week for 26 weeks.

[¶3]    On November 9, 2017, Job Service mailed to Sabo a reconsidered monetary determination informing him he was entitled to $67 per week for 26 weeks because he failed to disclose that he had a one-fourth or greater ownership interest in Fun-Co., Inc.  The reconsidered monetary determination informed Sabo that if he disagreed with the determination, he "must file an appeal no later than 11/21/2017."  Sabo did not appeal.  On December 1, 2017, Job Service issued a notice of overpayment in the amount of $14,638 and informed him he had twelve calendar days to appeal the overpayment amount.  Sabo appealed.

[¶4]    At the administrative hearing, Sabo argued he had not been overpaid unemployment benefits, but if he had been overpaid, the amount of overpayment should be deducted from future benefits or be waived as contrary to equity and good conscience.  The Appeals Referee concluded Sabo's major arguments constituted an impermissible collateral attack on Job Service's November 9, 2017 unappealed

1

reconsidered monetary determination, and the only issue for consideration was the amount Sabo received in unemployment compensation benefits to which he was not entitled. The Appeals Referee affirmed the notice of overpayment in the amount of $14,638 and directed Sabo to contact the Collections Unit for consideration of his request for waiver from liability for repayment. The district court affirmed the administrative decision.

II

[¶5] Sabo argues Job Service erred in determining he had been overpaid unemployment benefits because it misinterpreted N.D.C.C. § 52-06-04(2). Job Service contends that because Sabo failed to exhaust his administrative remedies by appealing the November 9, 2017 reconsidered monetary determination, this argument constitutes an impermissible collateral attack on a determination that has become final.

[¶6] This Court must affirm a decision of Job Service unless the decision is not in accordance with the law, the rules or procedure of the agency have not afforded the appellant a fair hearing, the findings made by the agency are not supported by a preponderance of the evidence, or the findings do not sufficiently address the evidence presented to the agency by the appellant. *See* N.D.C.C. § 28-32-46(1),(4),(5), and (7). In *Blume Constr., Inc. v. State ex rel. Job Service N.D.*, 2015 ND 285, ¶ 7, 872 N.W.2d 312, we observed:

> We do not make independent findings of fact or substitute our judgment for that of the agency. We apply a deferential standard of review to the agency's findings of fact, determining only whether a reasoning mind could have determined the factual conclusions were proved by the weight of the evidence. Questions of law, including the interpretation of rules or statutes, are fully reviewable on appeal.

(Internal citations omitted.)

[¶7] The doctrine of administrative res judicata prevents collateral attacks on administrative agency final orders and protects the parties from duplicative proceedings. *See, e.g., Fischer v. N.D. Workers Comp. Bureau*, 530 N.W.2d 344, 347

2

(N.D. 1995). Although administrative res judicata "contemplates agency action taken in an  adjudicative or trial-type proceeding which resolves disputed issues the parties have had an adequate opportunity to litigate," *Hector v. City of Fargo*, 2014 ND 53, ¶ 26, 844 N.W.2d 542, where a party fails to avail himself of the statutory remedy of an appeal, the administrative decision becomes final and cannot be collaterally attacked in another proceeding.  *See, e.g., Heasley v. Engen*, 124 N.W.2d 398, 400 (N.D. 1963).

[¶8]    Section 52-06-13, N.D.C.C., provides in relevant part:

> The claimant or any other party entitled to a notice of a determination as provided in the North Dakota unemployment compensation law may file an appeal from such determination with the appeal tribunal within twelve days after the date of mailing of the notice to the person's last-known address or, if such notice is not mailed, within twelve days after the service of such notice.

Although Sabo claimed he could not remember receiving this notice, he does not contend that it was not mailed to his last known address and has not raised lack of notice as an issue on appeal.

[¶9]    Job Service reconsidered its monetary determination reducing Sabo's unemployment benefit to $67 per week based on his ownership interest in Fun-Co., Inc.  *See* N.D.C.C. § 52-06-04(2) (governing computation of the weekly benefit amount).  The reconsidered monetary determination informed Sabo that he had to file an appeal no later than November 21, 2017, and that "[i]f it is later determined that payments should not have been allowed based on incorrect information, you will be required to repay any benefits received."  Sabo did not appeal, and N.D.C.C. § 52-06-22, provides in relevant part:

> The final decisions of the bureau or of an appeal tribunal and the principles of law declared by it in arriving at such decisions, unless expressly or impliedly overruled by a later decision of the bureau or by a court of competent jurisdiction, are binding upon the bureau and any appeal tribunal in subsequent proceedings which involve similar questions of law.

Section 52-06-21, N.D.C.C., further provides in part:

> Any right, fact, or matter in issue directly passed upon or necessarily involved in a determination or redetermination which has become final, or which has become final following a decision or appeal under the North Dakota unemployment compensation law, is conclusive for all the purposes of the North Dakota unemployment compensation law as between the bureau, the claimant, and all employing units who had notice of such determination, redetermination, or decisions. Any determination, redetermination, or decision as to rights to benefits which has become final and conclusive in accordance with this section is not subject to collateral attack by any employing unit, irrespective of notice.

Job Service's determination that Sabo was entitled to $67 per week rather than $630 per week became final when he failed to appeal from that determination.

[¶10] Sabo argues the November 9, 2017 reconsidered monetary determination is not yet final because of N.D.C.C. § 52-06-16, which provides:

> The job insurance division may reconsider a determination of a claim whenever it finds:
> 1.     That an error in computation or identity has occurred in connection therewith;
> 2.     That wages of the claimant pertinent to such determination but not considered in connection therewith have been newly discovered; or
> 3.     That benefits have been allowed or denied or the amount of benefits fixed on the basis of a misrepresentation of facts.
>
> No such redetermination may be made after two years from the day of the original determination, except that a reconsidered determination involving a finding that benefits have been allowed or denied or the amount of benefits fixed on the basis of nondisclosure or misrepresentations of fact may be made within three years from the date of the determination. Notice of any such redetermination must be given promptly to the parties entitled to the notice or original determination and in the manner prescribed in section 52-06-12.

[¶11] We construe related statutes on the same subject matter together to harmonize them and give full force and effect to the legislature's intention. *See Gratech Co., Ltd. v. Wold Eng'g, P.C.*, 2003 ND 200, ¶ 12, 672 N.W.2d 672. Sabo's interpretation of N.D.C.C. § 52-06-16 would conflict with the time requirements for an appeal in N.D.C.C. § 52-06-13 and the declarations of finality contained in N.D.C.C. §§ 52-06-

4

21 and 52-06-22. We agree with Job Service that N.D.C.C. § 52-06-16 is comparable to N.D.R.Civ.P. 60(b), which allows for relief from a final judgment under limited circumstances. Section 52-06-16, N.D.C.C., does not delay finality, but merely allows Job Service to reopen otherwise final orders for a limited period of time under certain circumstances. Consequently, we conclude the Appeals Referee did not err in refusing to consider whether Job Service correctly applied N.D.C.C. § 52-06-04(2) in adjusting Sabo's weekly benefit amount because that decision became final and is not subject to collateral attack.

[¶12] Although Sabo argues he was denied a fair hearing because the referee should have determined the amount of overpayment based on a proper interpretation of N.D.C.C. § 52-06-04(2), this is another attempt to collaterally attack Job Service's November 9, 2017 determination that became final when Sabo failed to appeal. *See* N.D.C.C. §§ 52-06-21 and 52-06-22.

[¶13] The Appeals Referee noted Sabo was paid $630 per week from February 26, 2017, until September 2, 2017, during which under the unappealed reconsidered monetary determination he should have been paid $67 per week. The Appeals Referee determined this resulted in a total overpayment of $14,638. We conclude the Appeals Referee's overpayment calculation is supported by a preponderance of the evidence.

III

[¶14] Sabo argues he was denied a fair hearing because the referee refused to decide whether recovery of Job Service's overpayment to him is contrary to equity and good conscience. He also contends that Job Service did not sufficiently address his evidence relating to equity and good conscience. Section 52-06-33, N.D.C.C., provides in part that the "bureau, in its discretion, may release such person from liability to refund when it finds that recovery would be contrary to equity and good conscience." The Appeals Referee explained:

> The bureau has designated the Collections Unit to set procedures for making, processing, and deciding requests for consideration for release

5

from liability. The claimant is directed to contact Collections at (701) 328-2818 to receive instruction on how to submit his request.

Sabo informed us that he has not submitted a request for release from liability to the Collections Unit.

[¶15] Because we do not render advisory opinions, there must be an actual controversy to be determined before a court can properly adjudicate. *See Comes v. State*, 2018 ND 54, ¶ 14, 907 N.W.2d 393. "An issue is not ripe for review if it depends on future contingencies which, although they might occur, necessarily may not, thus making addressing the question premature." *Id.* (quoting *Bies v. Obregon*, 1997 ND 18, ¶ 9, 558 N.W.2d 855). Because Sabo has failed to submit a request to the Collections Unit, which might grant the request in its discretion, we conclude the issue is not ripe for our review and refuse to address it.

IV

[¶16] We do not address other arguments raised because they are unnecessary to the decision or are without merit. The judgment is affirmed.

[¶17]   Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Gerald W. VandeWalle, C.J.