1998 ND 112

Arthur ASH, Victor Baumgartner, Simon Bosch, Jack Bullinger, Berndean Coppin, Claude Hudson, Emma Loeb, Reuben Magstadt, William Schell, Esther Schmidt, Dorothy Sigl, Donald Simenson, Elaine Speaks, and Anton Weichel, Claimants and Appellees,

v.

J. Patrick TRAYNOR, in his Official Capacity as Executive Director of the North Dakota Workers Compensation Bureau, and the State of North Dakota, acting through the North Dakota Workers Compensation Bureau, Appellants.

Civil No. 980026.

Supreme Court of North Dakota.

June 4, 1998.

Rehearing Denied July 1, 1998.

Brent J. Edison and Tracy Vigness Kolb, Special Assistant Attorneys General, Bismarck, for appellants.

Dean J. Haas of Dietz, Little & Haas, Bismarck, for claimants and appellees.

NEUMANN, Justice.

[¶ 1] The Workers Compensation Bureau appeals from the district court's amended judgment reversing the Bureau's orders canceling disability benefits of fourteen claimants because each claimant began receiving social security retirement benefits. We affirm the judgment of the district court, holding the Bureau erred in avoiding a valid obligation to pay disability for each claimant.

## I

[¶ 2] Fourteen claimants challenged the retirement presumption under N.D.C.C. § 65–05–09.3 as enacted in 1995 and amended in 1997. Each claimant had "attained retirement," as defined under N.D.C.C. § 65–05–09.3. Each claimant's disability benefits were discontinued under N.D.C.C. § 65–05–09.3, and each claimant was then awarded a much smaller benefit under N.D.C.C. § 65–05–09.4. The claimants raised several issues before the administrative law judge (ALJ), including: (1) whether N.D.C.C. §§ 65–05–09.3 and 65–05–09.4 may be retroactively applied; (2) whether retroactive application of the statutes impairs a vested right to continue receiving disability benefits and is therefore unconstitutional; and (3) whether the statutes violate equal protection.[1]

[¶ 3] The Bureau and the claimants stipulated to a consolidated proceeding without a hearing and presented the case to the ALJ on briefs, stipulated facts, and exhibits. In his recommended order and findings, the ALJ refrained from ruling on the constitu-

---

1. Another issue presented below, but not raised on appeal, was whether attorneys' fees must be awarded under 42 U.S.C. § 1988. The ALJ recommended the Bureau not award attorneys' fees.

tional issues presented and assumed the validity of the statutes, as required by law. *Service Oil, Inc. v. State,* 479 N.W.2d 815, 826 (N.D.1992); *First Bank of Buffalo v. Conrad,* 350 N.W.2d 580, 584 (N.D.1984); *Johnson v. Elkin,* 263 N.W.2d 123, 126 (N.D. 1978) (holding an administrative agency has no authority to declare a statute unconstitutional). The Bureau adopted the ALJ's recommended order on July 24, 1997.

[¶ 4] On August 6, 1997, the claimants appealed to the district court. The district court reversed and remanded, determining N.D.C.C. § 65–05–09.3 should be interpreted to apply only to claims filed after August 1, 1995, and not to parties already receiving benefits under the previous statute. The Bureau appeals the district court's decision.

## II

[¶ 5] On appeal from a district court's review of a decision by the Bureau, we review the Bureau's decision, not the district court's decision. *Sprunk v. North Dakota Workers Comp. Bureau,* 1998 ND 93, ¶ 4, 576 N.W.2d 861. Because the parties presented stipulated facts and exhibits, this appeal presents only questions of law. We will affirm the Bureau's decision unless its decision is not supported by its conclusions of law, its decision is not in accordance with the law, or its decision violates a worker's constitutional rights. *Gregory v. North Dakota Workers Comp. Bureau,* 1998 ND 94, ¶ 26, 578 N.W.2d 101; *Loberg v. North Dakota Workers Comp. Bureau,* 1998 ND 64, ¶ 5, 575 N.W.2d 221. "[Q]uestions of law, including interpretation of a statute, are fully reviewable on appeal." *Gregory,* 1998 ND 94, ¶ 26, 578 N.W.2d 101.

[¶ 6] The claimants challenge the constitutionality of N.D.C.C. §§ 65–05–09.3 and 65–05–09.4, asserting violation of their vested rights, and of their constitutional rights of equal protection. As we stated in *Gregory,* 1998 ND 94, ¶ 27, 578 N.W.2d 101, the application of N.D.C.C. § 65–05–09.3 to cancel a claimant's disability benefits when a claimant reaches retirement age provokes profound constitutional conflicts.

[¶ 7] We construe statutes to avoid constitutional conflicts, if possible. *Id.* at ¶ 28; *McCabe v. North Dakota Workers Comp. Bureau,* 1997 ND 145, ¶ 10, 567 N.W.2d 201. If a statute may be construed in two ways, one that renders it of doubtful constitutionality and one that does not, we adopt the construction that avoids constitutional conflict. *Gregory,* 1998 ND 94, ¶ 28, 578 N.W.2d 101; *McCabe,* 1997 ND 145, ¶ 10, 567 N.W.2d 201.

[¶ 8] In *Gregory,* we interpreted the validity of the 1995 version of N.D.C.C. § 65–05–09.3, but not the 1997 amendments. *Gregory,* 1998 ND 94, ¶ 28, n. 9, 578 N.W.2d 101. As in *Gregory,* the claimants here assert the statute canceling their workers' disability compensation upon attaining retirement age was either unconstitutional, or was improperly applied to them. *Gregory,* 1998 ND 94, ¶ 23, 578 N.W.2d 101. They also argue the 1997 amendment replacing the canceled benefit with a much smaller temporary "additional benefit" is also either unconstitutional or improperly applied to them.

[¶ 9] The 1995 legislature enacted a statutory presumption that a disabled person who becomes eligible for social security retirement benefits is considered retired and no longer eligible for workers' compensation disability benefits.[2] The 1995 version of N.D.C.C. § 65–05–09.3(2) provides:

"An injured employee who is receiving permanent total, temporary total, or temporary partial disability benefits, or rehabilitation benefits, and who begins receiving social security retirement benefits or other retirement benefits in lieu of social

---

2. The Workers Compensation Act requires an offset in addition to the retirement offset as provided in N.D.C.C. § 65–05–09.3, if the employee has also been eligible for social security disability benefits as well as his workers compensation benefits. If the employee is eligible for disability benefits under 42 U.S.C. § 423, N.D.C.C. § 65–05–09.1 is applied to offset the benefit. However, the change or "offset" from social security

*disability* benefits to social security *retirement* benefits does not result in a change in the total amount of federal benefits a claimant will receive. As is reflected in the record, each claimant who was receiving social security disability benefits received the exact same amount in social security retirement benefits, when they reached retirement age. *See also Gregory,* 1998 ND 94, ¶ 18, n. 6, 578 N.W.2d 101.

security retirement benefits, or who is at least sixty-five years old and is eligible to receive social security retirement benefits or other retirement benefits in lieu of social security retirement benefits, is considered to be retired. The bureau may not pay any permanent total, temporary total, or temporary partial disability benefits, rehabilitation benefits, or supplemental benefits to an employee who is considered retired...."

[¶10] This enactment applied to all persons who would retire or become eligible for social security retirement benefits after July 31, 1995. N.D.C.C. § 65–05–09.3(4).

[¶11] In 1997, the Legislative Assembly replaced N.D.C.C. § 65–05–09.3(2) and created an "additional benefit" for a worker whose disability benefits were canceled by a presumed "retirement."[3] The amended N.D.C.C. § 65–05–09.3(2) provides:

"An injured employee who begins receiving social security retirement benefits or other retirement benefits in lieu of social security retirement benefits, or who attains retirement age for social security retirement benefits unless the employee proves the employee is not eligible to receive social security retirement benefits or other benefits in lieu of social security retirement benefits is considered retired. The bureau may not pay any disability benefits, rehabilitation benefits, or supplementary benefits to an employee who is considered retired; however, the employee remains eligible for medical benefits, permanent partial impairment benefits, and the additional benefit payable under section 65–05–09.4."

[¶12] The "additional benefit" under N.D.C.C. § 65–05–09.4 is computed as a percentage of the weekly benefit of the former disability, based on the length of time the worker had received disability payments. For example, claimant Arthur Ash received disability benefits for a period of 7.7 years before reaching retirement. After the termination of his previous disability benefits, he would be entitled to receive an "additional benefit" under N.D.C.C. § 65–05–09.4. Ash's "additional benefit" would be $233.60 every 28 days, an amount equal to twenty percent of his previous benefit. Ash would receive this reduced amount for a period of 7.7 years or until his death, whichever comes first. Ash would also be entitled to receive medical benefits or permanent impairment benefits.

[¶13] In *Gregory*, we concluded a worker who is already receiving disability benefits has a significant reliance interest in, and expectation of, continuation of those benefits. *Gregory*, 1998 ND 94, ¶32, 578 N.W.2d 101. We reached this conclusion after reviewing prior precedents showing "a worker currently receiving benefits had a significant property right in continuation of those benefits, and an expectation those benefits would continue.... [T]he right to receive continuing workers compensation disability benefits by a worker already receiving them is a property right subject to due process protection, and that the claimant has 'a right to rely upon continuing, regular, ongoing payments.'" *Id.* at ¶30 (quoting *Nemec v. North Dakota Workers Comp. Bureau*, 543 N.W.2d 233, 237–38 (N.D.1996)) (other citations omitted). Also considered in *Gregory*, was the doctrine of administrative res judicata, involving the importance of the finality of agency decisions, and the purpose of the workers compensation law to provide injured workers with "sure and certain relief" and to preclude the Bureau from relitigating claims, absent new evidence or a change in medical condition of the claimant. *Gregory*, 1998 ND 94, ¶31, 578 N.W.2d 101. The 1997 amendments to N.D.C.C. § 65–05–09.3(2) cannot retrospectively change the Bureau's obligation. *Id.* at ¶25 (stating "[s]tatutory amendments may not operate retrospectively to abrogate a vested right or valid obligation").

### III

[¶14] Therefore, we hold N.D.C.C. § 65–05–09.3(2) does not apply to terminate the disability benefits of a claimant or other worker already receiving total disability benefits before the 1995 statute took effect, even

---

**3.** The 1997 amendments were an emergency measure, effective March 13, 1997, and were retroactive to August 1, 1995. 1997 N.D. Sess. Laws ch. 543, §§ 3 and 4.

as amended by the 1997 Legislative Assembly. The claimants are entitled to reinstatement of full disability benefits as of the date of termination.

[¶ 15] We affirm the district court's judgment reversing the Bureau's order and requiring reinstatement of disability benefits for the parties involved.

[¶ 16] VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ., concur.

