# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2022 ND 144

State of North Dakota,                                              Plaintiff and Appellee

    v.

Richard Allen Anderson,                                       Defendant and Appellant

No. 20210363

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable Lindsey R. Nieuwsma, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Ladd R. Erickson, State's Attorney, Washburn, ND, for plaintiff and appellee; submitted on brief.

Richard A. Anderson, self-represented, Fargo, ND, defendant and appellant.

**VandeWalle, Justice.**

[¶1]  Richard Anderson appealed from an order denying his motion challenging the constitutionality of N.D.C.C. § 12.1-32-07(4)(r) and seeking modification of his probation conditions. He argues the probation condition restricting his internet access violates his constitutional rights. We affirm, concluding Anderson's as-applied challenge to the constitutionality of the statute is not ripe for review.

I

[¶2]  In 2019, Anderson pled guilty to corruption of a minor, luring a minor by computer or other electronic means, and sexual assault. Anderson was sentenced to five years imprisonment with two years suspended for a period of five years of supervised probation subject to the terms and conditions specified in the Appendix A attached to the judgment. Anderson's probation conditions included that "It is a violation of your probation for you to subscribe to any Internet service provider, by modem, LAN, DSL or any other manner. You may not use another person's Internet or use Internet through any commercial venue until and unless approved in writing by your parole/probation officer." The judgment stated the five-year period of probation would commence when Anderson was released from incarceration or at the expiration of parole.

[¶3]  In October 2021, Anderson filed a motion entitled, "Motion Challenging Constitutionality of Law 12.1-32-07(4)(r) NDCC and Form 9, N.D.R. Crim. Procedure Appendix A items 33 and 39, Regarding Parole and Probation Conditions, and Sex Offender Parole Conditions Addendum item 3, and for Modification of Defendant's Parole and Probation Conditions under Rule 60(a)(1 and 6) N.D.R. Civ. Procedure and Rule 35(a) N.D.R. Crim. Proc., Illegal Sentence and Rule 52(b) North Dakota Rules of Criminal Procedure." He argued certain probation conditions, including the condition restricting his use of the internet, violate his rights under the First Amendment of the United States Constitution. He claimed that he was due to be paroled in the near

future and that he encountered probation and parole officers who stated that they intended to restrict his access to the internet. The State and the Attorney General both opposed Anderson's motion.

[¶4] The district court denied Anderson's motion. The court explained N.D.R.Civ.P. 60(a)(1) and (6) do not exist, Anderson did not provide any argument or facts to support relief under N.D.R.Civ.P. 60(b)(1), and there were no grounds to modify the judgment under N.D.R.Civ.P. 60(b)(6). The court said Anderson did not provide any argument or authority to support a claim under N.D.R.Crim.P. 52(b) and it did not find any obvious error requiring correction. The court stated Anderson had previously submitted the same arguments in support of his request for relief under N.D.R.Crim.P. 35(a), but the court considered the "new" arguments and found the sentence was proper under the facts of this case. The court denied Anderson's request for relief to the extent he argued his sentence is illegal because N.D.C.C. § 12.1-32-07(4)(r) is unconstitutional. The court explained Anderson's claims for relief on that basis were contingent upon his release from custody, he remained incarcerated and was not currently on probation, and his arguments were based on possible future action and were not ripe for review.

II

[¶5] On appeal, Anderson argues N.D.C.C. § 12.1-32-07(4)(r) and the probation condition restricting his use of the internet are unconstitutional. Section 12.1-32-07(4)(r), N.D.C.C., states when the court imposes a sentence of probation, it may impose as a condition of probation to "[r]efrain from any subscription to, access to, or use of the internet."

[¶6] Whether a statute is unconstitutional is a question of law, which is fully reviewable on appeal. *Teigen v. State*, 2008 ND 88, ¶ 7, 749 N.W.2d 505. "All regularly enacted statutes carry a strong presumption of constitutionality, which is conclusive unless the party challenging the statute clearly demonstrates that it contravenes the state or federal constitution." *Id.* (quoting *In re P.F.*, 2008 ND 37, ¶ 7, 744 N.W.2d 724).

[¶7]   Challenges to the constitutionality of a statute may be "facial" challenges or "as-applied" challenges. *See Sorum v. State*, 2020 ND 175, ¶ 21, 947 N.W.2d 382. "A claim that a statute on its face violates the constitution is a claim that the Legislative Assembly exceeded a constitutional limitation in enacting it, and the practical result of a judgment declaring a statute unconstitutional is to treat it 'as if it never were enacted.'" *Id.* (quoting *Hoff v. Berg*, 1999 ND 115, ¶ 19, 595 N.W.2d 285). An "as-applied" challenge is a claim that the statute is unconstitutional in a particular case. *See State v. Morris*, 331 N.W.2d 48, 58 (N.D. 1983). "Generally, a party may only challenge the constitutionality of a statute as applied to that party." *State v. Nice*, 2019 ND 73, ¶ 7, 924 N.W.2d 102 (quoting *State v. Dvorak*, 2000 ND 6, ¶ 28, 604 N.W.2d 445).

[¶8]   The district court rejected Anderson's arguments about the constitutionality of N.D.C.C. § 12.1-32-07(4)(r) and his probation conditions. The court explained:

> [Anderson's] claims for relief on this basis are contingent upon his release from custody because they relate to parole/probation conditions that would apply if and when [Anderson] is released from custody. As can be inferred from [Anderson's] brief, he remains incarcerated at this time, is not currently on probation or parole, and thus is not currently subject to the parole/probation conditions he is challenging. [Anderson's] arguments are also based on the assumption that a parole/probation officer will deny his requests to access the internet . . . at some indeterminate date in the future. Based on these facts, [Anderson's] claim is not ripe for review.

[¶9]   Anderson was incarcerated when the district court denied his motion. Because he was still incarcerated, none of the potential harm Anderson alleged in his motion had actually occurred. Anderson was not on probation and the alleged unconstitutional probation condition did not yet apply to Anderson. The harm Anderson alleged he would suffer was mere speculation.

[¶10] On appeal, Anderson argues his constitutional rights have been violated because his internet use has been severely limited since his release from prison and the probation condition has prevented him from furthering his education

3

or seeking employment. Because Anderson was still incarcerated when the district court denied his motion, these arguments were not made to the district court and there is no information in the record to support his current allegations.

[¶11] "Merely potential impairment of constitutional rights under a statute does not of itself create a justiciable controversy in which the nature and extent of those rights may be litigated." *In re C.W.*, 453 N.W.2d 806, 810 (N.D. 1990) (quoting *Communist Party v. Control Bd.*, 367 U.S. 1, 71 (1960)). The adjudication of the constitutionality of a statute when there is only merely a potential for impairment of constitutional rights would result in an advisory opinion. *C.W.*, at 810. It is well settled that courts should not give advisory opinions where no actual controversy needs to be decided. *Id*. We have explained:

> This court may not render advisory opinions. We may adjudicate only an actual controversy, which requires an issue that is ripe for review. An issue is not ripe for review if it depends on future contingencies which, although they might occur, necessarily may not, thus making addressing the question premature.

*Sprunk v. N.D. Workers Comp. Bureau*, 1998 ND 93, ¶ 15, 576 N.W.2d 861 (citations and quotations omitted). "As a general rule a court will inquire into the constitutionality of a statute only to the extent required by the case before it and will not anticipate a question of constitutional law in advance of the necessity of deciding it, and will not formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied." *State v. King*, 355 N.W.2d 807, 809 (N.D. 1984) (quoting *Tooz v. State*, 38 N.W.2d 285, 287 (N.D. 1949)).

[¶12] We agree with the district court that Anderson's argument that the statute was not constitutional as applied to him was not ripe for review. The issue raised in his motion depended on future contingencies that were not certain to occur. We conclude the question was raised prematurely and we will not consider his arguments at this time.

[¶13] Anderson has also asserted a facial constitutional challenge to the statute.

> The depth and the magnitude of constitutional arguments require an individual making such a challenge to either prepare an adequate and thorough foundation to support the argument, or forego its presentation. The mere reference to a statute's constitutionality, with nothing more, does not meet the standard of persuasion required to mount an attack on constitutional grounds.

*State v. Peltier*, 2016 ND 75, ¶ 5, 878 N.W.2d 68 (quoting *State v. Kautzman*, 2007 ND 133, ¶ 27, 738 N.W.2d 1). To the extent Anderson argues the statute is unconstitutional on its face, he failed to thoroughly brief and argue the issue. *See Denault v. State*, 2017 ND 167, ¶ 16, 898 N.W.2d 452 (stating a party is required to do more than submit bare assertions to adequately raise a constitutional issue, and only issues that are thoroughly briefed and argued will be decided on appeal). We will not address this issue on appeal.

## III

[¶14] We affirm the district court's order denying Anderson's motion challenging the constitutionality of N.D.C.C. § 12.1-32-07(4)(r) and the conditions of his probation.

[¶15] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

5