# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 24

State of North Dakota,                                    Plaintiff and Appellee

v.

Stefan Renaldo Dunn,                                    Defendant and Appellant

### Nos. 20220208-20220210

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lolita G. Hartl Romanick, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Ashlei A. Neufeld, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee; submitted on brief.

Scott O. Diamond, Fargo, ND, for defendant and appellant; submitted on brief.

**Jensen, Chief Justice.**

[¶1]  Stefan Renaldo Dunn appeals a criminal judgment entered following a guilty plea to three offenses. We affirm the district court's judgment and order denying Dunn's request to withdraw his guilty plea.

I

[¶2]  On February 3, 2022, Dunn was charged with three counts of violation of a domestic violence protection order and a single count of preventing arrest. A change of plea hearing was held on June 20, 2022. Defense counsel appeared via reliable electronic means, while Dunn and the State appeared in person. Dunn consented to his attorney participating in the hearing through reliable electronic means. During the hearing, the following exchange took place:

> THE COURT: Are there any questions remaining that you wish to discuss with Ms. Delorme before we proceed further today?
>
> MR. DUNN: Well, is she here? I know she is supposed to be by [reliable electronic means].
>
> THE COURT: Do you have any questions for Ms. Delorme before we proceed further today?
>
> MR. DUNN: Yes.
>
> THE COURT: You wish to talk with Ms. Delorme again before we proceed further?
>
> MR. DUNN: Yes, ma'am.
>
> THE COURT: All right, then what I am going to do, Ms. Delorme, is I am going to take this case on another date. I realize that you have trial out of town. Your client wishes to speak with you—
>
> MR. DUNN: Hold it.  We can go ahead and proceed.

THE COURT: Well, sir, if you have questions, it is important that those questions are answered to your satisfaction before we proceed. The Court is prepared to proceed, but we are not required to proceed today. Do you understand that?

MR. DUNN: Well, now I am trying to get a plea so I can get out today so I can go back to work and start paying my mortgage and other bills.

THE COURT: Okay, let's stop. Do you have questions that you wish to address with Ms. Delorme today before we proceed further?

MR. DUNN: No, ma'am.

THE COURT: All right. Earlier you had said that you did. Did you change your mind about that?

MR. DUNN: Yes, ma'am.

THE COURT: And you are certain about that, that you don't have any questions for Ms. Delorme?

MR. DUNN: Yes, ma'am.

The district court then asked Dunn multiple questions regarding his rights, if he understood the open plea agreement, and if he understood he would not be allowed to withdraw his guilty plea if accepted by the court. Dunn answered affirmatively to these questions. Dunn pled guilty, was sentenced, and released.

[¶3]  On July 20, 2022, Dunn wrote a letter to the district court requesting to withdraw his guilty plea because new evidence supported his innocence. The letter stated the victim attempted to drop the order for protection on numerous occasions but that it took approximately six months to do so, and that other defendants had their orders dropped much sooner. For those reasons, Dunn argued he was not guilty. The court issued an order denying his request. The court found that Dunn had not established a manifest injustice because the

factual arguments in his letter were known by the parties and court during the plea and sentencing phases, and were taken into consideration at that time. The court also found that Dunn understood his plea was an open one, what consequences would result by agreeing to it, that he was giving up specific rights, and that he fully understood the plea. The district court determined Dunn entered his plea freely, knowingly, and voluntarily.

## II

[¶4] Dunn argues North Dakota Supreme Court Administrative Rule 52(4) was violated when the district court offered to continue the hearing so that Dunn could speak with his attorney after he indicated he had questions prior to entering a plea. "This Court applies a de novo standard of review for questions of law, a clearly erroneous standard of review for questions of fact, and an abuse-of-discretion standard of review for discretionary matters." *Oien v. Oien*, 2005 ND 205, ¶ 8, 706 N.W.2d 81. Interpretation of a court rule is a question of law subject to the de novo standard of review. *State v. Chacano*, 2012 ND 113, ¶ 10, 817 N.W.2d 369.

[¶5] Rule 52, N.D. Sup. Ct. Admin. R., outlines procedural requirements for criminal hearings that are conducted via electronic means, which states in part:

> **Section 4. Criminal Action.**
>
> (a) In a criminal action, a district or municipal court may conduct a hearing, conference, or other proceeding by reliable electronic means, except as otherwise provided in subsection 4(b).
>
> > (B) Exceptions.
> >
> > . . . .
> >
> > (3) An attorney for a defendant must be present at the site where the defendant is located unless the attorney's participation by reliable electronic means from another location is approved by the court with the consent of the defendant. In a guilty plea proceeding, the court may not allow

the defendant's attorney to participate from a site separate from the defendant unless:

. . . .

(C) *the court allows confidential attorney-client communication, if requested*.

N.D. Sup. Ct. Admin. R. 52(4)[1] (emphasis added). Dunn argues the district court's offer to reschedule the hearing was a violation of the rule resulting in an obvious error that affected his substantial rights.

[¶6]   The district court did not violate N.D. Sup. Ct. Admin. R. 52(4). The rule prohibits the entry of a guilty plea unless counsel for the defendant is present or, if counsel is appearing remotely, if the court allows confidential attorney-client communications when requested. Dunn requested to have confidential communications with his attorney and the court offered to continue the hearing to satisfy the request and comply with the rule; the court could not accept his plea given the pending request. Dunn acknowledges he subsequently withdrew his request to communicate with counsel instead of rescheduling the hearing. The court asked for confirmation from Dunn on three separate occasions that he wished to withdraw his request. The court asked him if he still had questions to address with counsel, and he responded in the negative. The court asked if he changed his mind about his request, and he indicated he had changed his mind. The court asked if he was certain he no longer had questions, and he confirmed he no longer had questions. The rule does not prohibit a defendant from withdrawing a request to speak with counsel made under Rule 52(4). We conclude the district court did not err by either offering to comply with the request for confidential communications by rescheduling the hearing or by allowing Dunn to withdraw his request.

---

[1] Rule 52(4), N.D. Sup. Ct. Admin. R., was subsequently amended. *See* Joint Procedure Committee Minutes (December 1, 2022). Although the citation for the administrative rule has changed, the substance of the rule has not and this opinion cites to the administrative rule in place at the time the appeal was filed.

## III

[¶7]   Dunn argues he experienced a manifest injustice and should be allowed to withdraw his guilty plea because new evidence points to his innocence, and his plea was not made freely, voluntarily, or knowingly. The withdrawal of a guilty plea after a district court has imposed a sentence is not allowed "[u]nless the defendant proves that withdrawal is necessary to correct a manifest injustice[.]" N.D.R.Crim.P. 11(d)(2). *See also State v. Yost*, 2018 ND 157, ¶ 6, 914 N.W.2d 508. "The defendant has the burden of proving withdrawal is necessary to correct a manifest injustice." *State v. Dimmitt*, 2003 ND 111, ¶ 6, 665 N.W.2d 692. The validity of a guilty plea is assessed by whether it represents a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *State v. Bates*, 2007 ND 15, ¶ 14, 726 N.W.2d 595 (quoting *Ernst v. State*, 2004 ND 152, ¶ 7, 683 N.W.2d 891). This Court reviews a district court's denial of a defendant's request to withdraw a guilty plea under an abuse of discretion standard. *Yost*, at ¶ 6. An abuse of discretion results when a court acts arbitrarily, unreasonably, or misinterprets or misapplies the law. *Id.*

[¶8]   Dunn contends that his plea was not entered freely, voluntarily, or knowingly. Dunn was being held in custody at the time of the change of plea hearing and he argues he had no realistic alternatives but to plead guilty because he needed to be released that day in order to pay his mortgage and take custody of his children. While the alternative of a delayed plea hearing may not have been ideal for Dunn, it was an alternative, one that Dunn was free to take if he decided he wanted to speak with his attorney. There was no guarantee that Dunn would have been released on the day of the hearing because the State's recommendation included an additional 90 days of incarceration. Had the plea hearing been continued, Dunn could have requested to be released or otherwise had his existing bond modified so he could secure his release. Dunn made a choice between alternative courses of action, he has failed to establish a manifest injustice, and the district court did not abuse its discretion in denying the motion to withdraw Dunn's guilty plea.

[¶9]   Dunn also argues he should be allowed to withdraw his guilty plea because he had realistic defenses to his charges that he wished to present at

trial. The district court found that the court and the parties were aware at the change of plea hearing of the factual assertions Dunn claims he would have asserted at a trial, and those facts were considered by the court in accepting the plea. The court also found Dunn's plea was intelligently entered because Dunn expressed verbal affirmation that he understood his plea was an open one, what consequences would result by agreeing to it, and he was giving up specific rights such as a right to trial by jury. Dunn has failed to meet his burden that withdrawal is necessary to correct a manifest injustice. The district court did not abuse its discretion by denying Dunn's request to withdraw his guilty plea.

## IV

[¶10] The district court complied with North Dakota Supreme Court Administrative Rule 52(4), did not abuse its discretion by moving forward with the plea hearing, and did not abuse its discretion in denying Dunn's request to withdraw his guilty plea. The judgment is affirmed.

[¶11] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr