**FILED**
**IN THE OFFICE OF THE**
**CLERK OF SUPREME COURT**
**NOVEMBER 9, 2023**
**STATE OF NORTH DAKOTA**

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2023 ND 209

State of North Dakota,                                    Plaintiff and Appellee

v.

Bradley Joe Morales,                                  Defendant and Appellant

No. 20230080

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Rozanna C. Larson, State's Attorney, Minot, ND, for plaintiff and appellee; submitted on brief.

Kevin McCabe, Dickinson, ND, for defendant and appellant; submitted on brief.

**Crothers, Justice.**

[¶1]   Bradley Morales appeals from a criminal judgment entered after he pleaded guilty to murder. We affirm concluding the district court did not abuse its discretion when it denied Morales' motion to withdraw his guilty plea.

I

[¶2]   A jury found Morales guilty of murdering his ex-girlfriend. We reversed and remanded for a new trial, concluding Morales' constitutional right to a public trial was violated. *See State v. Morales*, 2019 ND 206, 932 N.W.2d 106. On the fourth day of the new trial, Morales sought to enter a guilty plea. The district court questioned Morales to verify his decision was not impulsive and was knowingly, voluntarily, and intelligently made. Morales made a lengthy statement. He admitted to stabbing the victim, acknowledged "I did cause the death," and apologized to the victim's family. He explained the crime and subsequent prosecution "messed up my mind," but "I can see clearly now." The court accepted Morales' guilty plea. Roughly nine months later, on the day of sentencing, Morales moved to withdraw his plea. The court denied Morales' motion after allowing each side to make arguments. The court sentenced Morales to 35 years imprisonment. Morales appeals.

II

[¶3]   North Dakota Rule of Criminal Procedure 11(d) governs the withdrawal of a guilty plea. To withdraw a guilty plea after the court has accepted the plea but before sentencing, a defendant must "show a fair and just reason for the withdrawal." N.D.R.Crim.P. 11(d)(1)(B)(ii).

> "[A]mong the factors that a district court may consider in determining whether a fair and just reason exists to withdraw a guilty plea before sentencing are: (1) the amount of time that has passed between the entry of the plea and the motion to withdraw; (2) defendant's assertion of innocence or a legally cognizable defense to the charge; (3) prejudice to the government; (4) whether

the plea was knowing and voluntary; (5) whether the plea was made in compliance with Rule 11, N.D.R.Crim.P.; (6) whether adequate assistance of counsel was available to the defendant; (7) the plausibility of the reason for seeking to withdraw; (8) whether a plea withdrawal would waste judicial resources; and (9) whether the parties had reached or breached a plea agreement."

*State v. Guthmiller*, 2019 ND 85, ¶ 9, 924 N.W.2d 785 (alteration in original) (quoting *State v. Lium*, 2008 ND 232, ¶ 17, 758 N.W.2d 711). Additional factors courts may consider include the presence or absence of a reason for not moving to withdraw the plea sooner and the defendant's experience with the judicial system. *State v. Yost*, 2018 ND 157, ¶ 11, 914 N.W.2d 508. "The validity of a guilty plea is assessed by whether it represents a 'voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *State v. Dunn*, 2023 ND 24, ¶ 7, 985 N.W.2d 644 (quoting *State v. Bates*, 2007 ND 15, ¶ 14, 726 N.W.2d 595).

[¶4] We review a district court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *State v. Watson*, 2021 ND 18, ¶ 7, 954 N.W.2d 679. "An abuse of discretion occurs when the court's legal discretion is not exercised in the interest of justice" and when it "acts in an arbitrary, unreasonable, or capricious manner, or it misinterprets or misapplies the law." *Id.*

[¶5] Morales argues the district court erred because it did not address a statement he made at the sentencing hearing indicating he was suffering from depression and anxiety. While arguing in support of his withdrawal motion, Morales stated:

"[Y]ou all are crushing my spirit; you're demoralizing me; you sent me to a state of depression and anxiety so bad it just really began to—I just really began to get some relief from it. Ten months later, I just now started to feel some relief from all the depression, the stress, the anxiety. Like I said, you crushed my spirit. I feel like y'all did everything in this way so that you could take the fight out of me."

2

However, Morales did not argue his stress and anxiety resulted in an unknowing or involuntary plea or otherwise justified withdrawal. Instead, he specifically argued, in his motion papers and at the hearing, that he should be allowed to withdraw his plea because the murder charge was unconstitutionally vague; his trial counsel were ineffective; various witnesses lied; and the evidence did not support a conviction. The district court addressed each argument, and on appeal Morales does not challenge the court's rationale for rejecting them. Based on our review of the record, including that Morales changed his plea four days into trial, his admission of guilt and apologies made when he entered his guilty plea, the substance and timing of his withdrawal motion, and the court's rationale for denying the motion, we conclude the district court did not abuse its discretion.

## III

[¶6]   The criminal judgment is affirmed.

[¶7]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr