# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 183

State of North Dakota,                                    Plaintiff and Appellee

v.

Thomas Weber,                                            Defendant and Appellant

### No. 20250098

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Bonnie L. Storbakken, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Chase R. Lingle, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee; on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant; on brief.

**Bahr, Justice.**

[¶1]   Thomas Weber appeals from the district court's order denying his motion for modification of probation conditions. We affirm.

I

[¶2]   In November 2021, after Weber pled guilty to multiple sexual offenses, the district court sentenced him to terms of imprisonment followed by ten years of probation. One of Weber's probation conditions restricts him from subscribing to any internet service provider or using another person's internet service provider without written approval from his probation officer. Weber is currently incarcerated.

[¶3]   In December 2024, Weber filed a motion labeled "Motion for Modification of Probation Conditions." The motion challenges the constitutionality of Weber's probation internet restrictions and requests appointment of counsel. In the motion, Weber states the motion is brought under "all appropriate and applicable rule(s) and law(s) including ND Rules of Criminal Procedure 35(a) Correction of an Illegal Sentence and N.D.C.C. 12.1-32-07(6)."

[¶4]   On January 3, 2025, the district court entered a notice regarding Weber's motion. The notice explained, "It is unclear from the *Motion* and filings which relief, in addition to the relief under North Dakota Rules of Criminal Procedure Rule 35(a), is being sought." The court's notice then explained, "The *Motion* for relief under Rule 35(a) does not entitle Mr. Weber to court-appointed counsel. However, a request for post-conviction relief under N.D.C.C. Chapter 29-32.1 would allow for the appointment of legal counsel." The notice concluded, "The Court will allow Mr. Weber twenty (20) days from the date of this Order to amend his *Motion* and/or file the appropriate documents if he is requesting Post-Conviction Relief."

[¶5]   During the twenty-day period allowed by the district court, Weber did not amend his motion or provide additional filings to clarify whether he sought

postconviction relief. On March 5, 2025, the court issued an order denying Weber's motion for modification of probation conditions and denying appointment of counsel. In its order, the court treated Weber's motion as a motion to correct an illegal sentence under N.D.R.Crim.P. 35(a).

II

[¶6]   Weber is represented by counsel on appeal. In addition to the arguments Weber's counsel presents on appeal, Weber filed a supplemental statement under N.D.R.App.P. 24. The sole issue raised by Weber's counsel is whether the district court erred when it denied Weber court-appointed counsel. Weber, through counsel and in his supplemental statement, argues the court should have treated Weber's motion under N.D.R.Crim.P. 35(a) as an application for postconviction relief under N.D.C.C. ch. 29-32.1.

[¶7]   Weber argues the district court abused its discretion by not appointing him counsel. He asserts, "Rule 35(a) and the Uniform Post-Conviction Procedure Act provide overlapping remedies for challenging illegal sentences." Thus, Weber argues, the court should have treated his Rule 35(a) motion as if it was brought under "both provisions" and appointed counsel under N.D.C.C. § 29-32.1-01(1)(a).

[¶8]   We review a district court's denial of court-appointed counsel for abuse of discretion. *State v. Yost*, 2014 ND 209, ¶ 9, 855 N.W.2d 829. A court abuses its discretion when it acts arbitrarily, unreasonably, or misinterprets or misapplies the law. *State v. Dunn*, 2023 ND 24, ¶ 7, 985 N.W.2d 644.

[¶9]   This Court has stated N.D.R.Crim.P. 35(a) and N.D.C.C. ch. 29-32.1 exist for similar purposes and are often interchangeable to attack an illegal sentence. *State v. McClary*, 2016 ND 31, ¶ 7, 876 N.W.2d 29. Because of their similar purposes, we have suggested courts treat a motion under the rule or the statute as equivalent to a motion under both provisions. *Id.* However, this Court has also stated, "a party . . . bears the burden to correctly label its motion so as to inform the adversary of the nature of the motion and the relief sought." *State v. Eagleman*, 2024 ND 231, ¶ 5, 14 N.W.3d 912 (quoting *In re N.C.C.*, 2000 ND 129, ¶ 11, 612 N.W.2d 561). Although a court is not bound by the party's label, and may look

2

to the substance of a motion to determine its proper classification, it is not required to look beyond a party's label. *Id.*

[¶10] In *Eagleman*, when a motion sought relief under N.D.R.Crim.P. 35(a), and not under the Uniform Postconviction Procedure Act, we held the district court did not err by treating the motion as labeled.

> Eagleman's amended motion sought relief under N.D.R.Crim.P. 35(a). Eagleman did not seek relief under the Uniform Postconviction Procedure Act . . . . While we have previously treated motions filed under the rules of criminal procedure as applications under the Act, we have done so in . . . limited circumstance[s] . . . . Under the circumstances of this case, we conclude the district court did not err in treating Eagleman's amended motion as a request for relief under N.D.R.Crim.P. 35(a).

*Eagleman*, 2024 ND 231, ¶ 7.

[¶11] Weber filed a motion to modify his sentence claiming it was illegal. He stated the motion was brought under N.D.R.Crim.P. 35(a). The district court informed Weber his motion was unclear, he was not entitled to court-appointed counsel under Rule 35(a), and "a request for post-conviction relief under N.D.C.C. Chapter 29-32.1 would allow for the appointment of legal counsel." The court then gave Weber twenty days to amend his motion or request postconviction relief. He did not do so. Under the circumstances of this case, the court did not err in treating Weber's motion as a request for relief under Rule 35(a).

[¶12] The district court did not abuse its discretion when it treated Weber's motion as labeled and did not appoint counsel to represent Weber.

III

[¶13] In his supplemental statement, Weber argues this Court should address the constitutionality of the restrictions on his probation. It is unclear whether Weber argues his probation conditions are unconstitutional as applied to him, or whether he asserts a facial challenge alleging N.D.C.C. § 12.1-32-07(4)(r), which authorizes the court to limit internet access, is unconstitutional.

3

[¶14] This Court has held probation conditions restricting internet access imposed on an individual who is incarcerated are not ripe for review and will not be considered. *See State v. Anderson*, 2022 ND 144, ¶ 12, 977 N.W.2d 736. If Weber is making an as-applied challenge to the constitutionality of his probation conditions, the issue is not ripe for review because Weber is still incarcerated.

[¶15] As to a facial challenge, both Weber's counsel and the State focused on whether the district court erred in denying Weber counsel; they did not brief or argue the constitutionality of N.D.C.C. § 12.1-32-07(4)(r).

[¶16] "[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Overbo v. Overbo*, 2024 ND 233, ¶ 8, 14 N.W.3d 898 (quoting *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020)). This Court has declined to address issues without the benefit of adversarial briefing by the parties. *Garaas as Co-Trs. of Barbara Susan Garaas Fam. Tr. v. Cont'l Res., Inc.*, 2025 ND 146, ¶ 32, 25 N.W.3d 505; *State v. Runck*, 418 N.W.2d 262, 265 n.4 (N.D. 1987). We decline Weber's invitation to address the constitutionality of N.D.C.C. § 12.1-32-07(4)(r) without the benefit of adversarial briefing.

IV

[¶17] We have considered Weber's other arguments and conclude they are unnecessary for our decision or are without merit. We affirm the district court's order denying Weber's motion for modification of probation conditions.

[¶18] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

4